541 So.2d 269 (1989)
Daniel LAMB
v.
HIGHLINES CONSTRUCTION CO., INC.
No. 89-C-0133.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
*270 Daniel A. Ranson, Wade A. Langlois, Gretna, for plaintiff/relator.
Peter Matherne, New Orleans, Michael K. Springmann, Metairie, Eugene G. Taggart, Donald T. Giglio, New Orleans, for defendant/respondent.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
We grant certiorari in order to consider the trial court's grant of a defendant's motion to transfer a suit from the Civil District Court, Parish of Orleans, to the 24th Judicial District Court, Parish of Jefferson, pursuant to La.C.C.P. art. 123, dealing with forum non conveniens. We reverse the trial court's order, deny the motion and remand the case to the Civil District Court.
Relator, Daniel C. Lamb, filed suit for personal injuries in the Civil District Court, Parish of Orleans, against defendants Louisiana Power & Light Co. (L.P. & L.), whose registered office is in Orleans Parish; Highlines Construction Co., whose registered office is in Jefferson Parish, and Gene Esquerre, a resident of Jefferson Parish. The accident occurred in Harahan, La. The parties agree that Orleans Parish is the proper venue for L.P. & L.
Highlines filed a motion to transfer the suit to Jefferson Parish, based on C.C.P. art 123, dealing with forum non conveniens. Its motion and memoranda of law allege that "a transfer best serves the convenience of the parties and witnesses, as well as the interests of justice." It fails to allege a single specific fact or circumstance to support this conclusionary statement.
The problem of forum shopping dates back to law's earliest days. Criteria are needed to prevent courts from yielding to the temptation to transfer cases it does not want to hear for one reason or another to another court, as well as to prevent a party from forcing an adversary to an improper forum. All lawyers seek advantages and are inclined, whenever a forum choice exists, to select a jurisdiction which would favor their case, client or cause. Choices are regularly made between federal and state forums. Venue choices are usually made on the basis of the quality of the judges, amount of delay to trial, discovery procedures, damage award amounts and the philosophy of the supervising court of appeals. Therefore, the right to choose the forum generally resides with the party bringing the action. The plaintiff's choice of forum should not be disturbed unless strong and significant factors require a different result.
La.C.C.P. art. 123, forum non conveniens, adopted in 1970, provides, in pertinent part, as follows:

*271 A. For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in the court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
The history and purpose of the doctrine was reviewed in Wall v. American Employers Ins. Co., 250 So.2d 172 (La.App. 1st Cir.1971), in which the court held that a motion to transfer pursuant to the doctrine of forum non conveniens is analogous to a motion to change venue. Subsequently, Louisiana cases have failed to establish any factual guidelines or standards for determining when a case transferral is appropriate, relying on the language of Art. 123 and holding that the issue should be addressed to the sound discretion of the trial judge. Cashio v. Cashio, 364 So.2d 188 (La.App. 1st Cir.1978).
The United States Supreme Court established the factors to be considered in applying the doctrine of forum non conveniens in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Our federal courts have employed the standards to be weighed by the court. Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill, 751 F.2d 801 (5th Cir.), cert. denied 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985).
When determining whether a case should be transferred on the grounds of forum non conveniens, a trial judge should consider a number of factors. As indicated above, in every case, the plaintiff's choice of forum is entitled to great weight and should not be disturbed absent showing by the defendant that the convenience of all parties and the interests of justice require that the litigation should proceed elsewhere. In meeting that burden, the mover should address the following issues:
1. Convenience of the parties and witnesses
2. Access to the sources of proof and evidence, as well as viewing of the premises, if required
3. Costs of obtaining attendance of witnesses
4. Advantages and obstacles to a fair trial
In this case, plaintiff has selected Orleans Parish as his forum choice. The accident occurred in Harahan, a city on the East Bank of the Mississippi River, approximately ten miles from the Orleans Parish Courthouse. The Jefferson Parish Courthouse is in Gretna, La., on the west bank of the Mississippi River, a distance of approximately 15.2 miles from the site of the accident.
Of course, the distance is not determinative. An important circumstance is the fact that the competing judicial districts are contiguous. Both are incorporated into the metropolitan New Orleans area by rapid interstate. The two forums are so close in fact that it would be impossible for the defendant to prove any substantial difference in terms of convenience of the parties, access to sources of proof, costs of obtaining attendance of witnesses or advantages and obstacles to a fair trial. Certainly, the defendant's unsupported contention that "a transfer best serves the convenience of the parties and witnesses, as well as the interest of justice" in the instant case is insufficient to overcome the great weight to be given the plaintiff's choice of forum.
Because the mover in the instant case failed to make a clear and convincing showing that the convenience of all the parties and the interests of justice demands the transfer of the instant case to a different forum, the trial judge improperly granted the motion. The trial judge's decision is vacated, order is reversed, the motion to transfer the case is denied, and the case is remanded for further proceedings.