JAMES C. GULOTTA, Judge Pro Tem.
Plywood Panels appeals the trial court’s judgment granting defendant’s exception of improper venue on the grounds of forum non conveniens and dismissing plaintiff’s suit. We reverse and remand.
Plaintiff, a Delaware corporation, filed suit in Louisiana against the defendant, a California resident and former employee of plaintiff, for the return of money advanced to the defendant under an oral agreement between the parties. Under this agreement, the parties allegedly agreed that defendant would relocate from California to Louisiana and that plaintiff would pay defendant a certain salary, moving expenses and $30,000.00 to cover or defray the cost of repairs, improvements and realtor’s fees related to the sale of defendant’s California home. According to plaintiff, defendant accepted the $30,000.00 payment but did not attempt to repair or sell the home. Defendant moved into a New Orleans apartment but was transferred by plaintiff back to California less than a year after moving to New Orleans. Defendant was discharged from the plaintiff company less than a year after his return to California. This suit is for the return of the $30,000.00.
. In support of his exception of improper venue, defendant claims that California is a more convenient forum because defendant resides in California and plaintiff has an office in that state. Jerry Hood claims that it would be burdensome for him to travel to Louisiana for depositions and trial, but that it would not be burdensome to conduct this litigation in California where plaintiff has an office. Furthermore, Hood argues the money in question was paid by check issued by plaintiff’s California office with a deduction for California state income tax. Defendant also alleges that the oral contract was perfected in California.
In opposition to defendant’s exception, plaintiff claims that its domicile is Louisiana and that a plaintiff’s choice of forum should not be disturbed in the absence of strong and compelling reasons requiring a different one. Additionally, plaintiff asserts that its principal place of business is Louisiana and that the primary witness in this case, the former president of the company who negotiated the contract with defendant, resides in Louisiana. Plaintiff also claims that all of its employees who have knowledge of the facts surrounding this lawsuit reside in Louisiana.
In reasons for maintaining the exception, the trial judge stated that defendant “has the right to be sued at his place of resi *854 dence,” i.e. California. The trial judge also stated that there was ample evidence that the contract was one “growing out of” California and that California law would be applicable in this case. He ruled that the concept of forum non conveniens was applicable because both parties are in California.
We point out at this juncture that defendant concedes for purpose of this exception that Louisiana does have personal jurisdiction over the defendant.
Turning to the issue in this case, we point out, at the outset, that plaintiff's choice of forum is entitled to great weight and should not be disturbed absent a showing by the defendant that the convenience of all parties and the interest of justice require that the litigation should proceed elsewhere. Lamb v. Highlines Construction Co., Inc., 541 So.2d 269 (La.App. 4th 1989).
The controlling statute on forum non conveniens is LSA-C.C.P. art. 123, which provides in pertinent part:
A. ...
B. “Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omission originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, in the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this article ...” (emphasis ours).
In the recent case of Fox v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 576 So.2d 978 (La.1991), the Louisiana Supreme Court in interpreting LSA-C.C.P. art. 123, stated that Louisiana courts have only the power granted in that article to dismiss cases based on a theory of forum non conveniens. The court also stated that actions based solely on a federal statute where acts and omissions are alleged to have occurred outside of the state, can be dismissed when there is a more appropriate forum outside of this state. Based on the Supreme Court’s holding in Fox, we conclude that because no federal statute is involved in the instant case, the court had no power to dismiss based on a theory of forum non conveniens.
Accordingly, the trial court judgment granting the exception of improper venue and dismissing plaintiff’s suit is reversed and set aside. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.