JAMES C. GULOTTA, Judge Pro Tern.
Plaintiffs, Barbara and Dean Maltezos, appeal the trial court’s judgment granting the exception of lack of personal jurisdiction filed by defendants F.W. Woolworth and Company and Travelers Insurance Company. We reverse and remand.
On November 25, 1988, Barbara Malte-zos, a resident of Terrebonne Parish, Louisiana, slipped and fell at a Woolworth’s department store in Mobile, Alabama. Mrs. Maltezos and her husband filed suit in Civil District Court in Orleans Parish for damages sustained in the accident. Plaintiffs named as defendants F.W. Woolworth and Company and its liability insurer, Travelers Insurance Company. In their peti *100 tion, plaintiffs stated that Woolworth is a corporation authorized to do business in Orleans Parish.
Shortly after the petition was filed, the matter was removed to the Federal Court; however, the parties agreed to return the matter to the State Court.
Defendants then filed the exception in the state court claiming that Louisiana courts do not have personal jurisdiction over defendants because both defendants are nonresident corporations and the cause of action arose outside of the state. In support of this exception, defendants cite LSA-R.S. 13:3201 which states in pertinent part:
“A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1)Transacting any business in this state ...
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state ...”
The trial judge maintained defendants’ exception and dismissed plaintiffs’ suit.
On appeal, plaintiffs rely on the following 1987 amendment to LSA-13:3201 which states:
“B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.”
In the recent case of Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978 (La.1991), the Louisiana Supreme Court stated:
“Since the 1987 amendment to LSA-R.S. 13:3201, the sole inquiry in Louisiana into jurisdiction over a nonresident is whether the assertion of jurisdiction complies with constitutional due process. Superi- or Supply Company v. Associated Pipe and Supply Company, 515 So.2d 790 (La.1987).” Fox v. Board of Supervisors of Louisiana State University, supra at p. 983.
Defendants admit in their memorandum in support of the exception of lack of personal jurisdiction that they conduct business in Louisiana. Therefore, defendants have the “minimum contacts” with Louisiana required under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In International Shoe, the Court stated that personal jurisdiction may be asserted over a nonresident who has “certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.”
In determining whether the assertion of personal jurisdiction over the defendants in this case would satisfy notions of fair play and substantial justice, we consider the following factors enumerated in the Fox case:
(1) The burden on the defendant;
(2) The forum state’s interest in the dispute;
(3) The plaintiff’s interest in obtaining convenient and effective relief;
(4) The judicial system’s interest in obtaining an efficient resolution of controversies; and
(5) The state’s shared interest in fostering fundamental substantive social policies. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)
Defendants have not alleged any reasons why litigating this matter in a Louisiana State Court would be unduly burdensome. The plaintiff, who allegedly slipped and fell in the Woolworth store in Alabama, lives in Louisiana. The burden of deposing any other witnesses or gathering information in Alabama is not great. Louisiana has an interest in this dispute because one of its citizens was allegedly injured in the accident. Plaintiffs’ interest in obtaining convenient and effective relief is best served by litigating their claim in their home state. Additionally, it should be noted that plain *101 tiffs’ choice of forum is entitled to great weight and should not be disturbed absent a showing by the defendants that the convenience of all parties and the interest of justice require that the litigation should proceed elsewhere. Lamb v. Highlines Construction Co., Inc. 541 So.2d 269 (La.App. 4th Cir.1989). As long as plaintiffs reside in this state, Louisiana offers the most efficient forum for resolution of this controversy. Finally, Louisiana has a shared interest in the substantive social policy of redress for its citizens.
Considering all of these factors, we conclude that it would not be unreasonable for Louisiana to assert personal jurisdiction over the nonresident defendants. By their own admission, defendants conduct business in this state and should anticipate litigating claims in a Louisiana state court. Defendants allege no specific reasons why litigating this claim in Louisiana would be unduly burdensome and the record discloses none.
Therefore, we find the trial judge erred in granting defendants’ exception of lack of personal jurisdiction. We conclude, therefore, that Louisiana has jurisdiction over the nonresident defendants in this case.
Accordingly, the judgment of the trial court is reversed and set aside and this matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.