|1SCHOTT, Chief Judge.
On the application of Louisiana Power & Light Company we grant certiorari in order to consider the validity of the judgment of the trial court denying relator’s motion for a change of venue. The issue is whether the trial court abused its discretion in denying the motion.
Plaintiff alleges he was injured along with Randy Alexander because of contact with relator’s power line. The accident occurred at a work site in Jefferson Parish and both men are domiciliaries of Jefferson Parish. Alexander filed suit against Relator in Jefferson while plaintiff sued in New Orleans.
Relator moved for a change of venue as to plaintiffs suit from New Orleans to Jefferson pursuant to C.C.P. art. 123. This provides that the court may transfer a civil suit to another district court in the interest of justice for the convenience of the parties and witnesses. The trial court denied the motion for the expressed reason that he was following Lamb v. Highlines Const. Co. Inc., 541 So.2d 269 (La.App. 4th Cir.1989).
That ease is not controlling because there is a major distinction in the present case. Here two plaintiffs, both domiciled in Jefferson, were injured in the same accident in Jefferson. The interest of justice requires the transfer in |2order that the cases can be consolidated and tried in Jefferson saving the parties’ expense of two trials, saving judicial time, and avoiding the possibility of inconsistent results. Under these circumstances the trial court’s denial of the motion was abusive of its discretion.
Accordingly, the judgment of the trial court denying relator’s motion of transfer under C.C.P. art. 123 is reversed, the motion is granted, and the trial court is ordered to transfer the case to Jefferson Parish.

REVERSED AND RENDERED.