| iJONES, Judge.
Plaintiff, Diana S. Re’, seeks review of the trial court’s judgment granting the Defendants’ Motion to Transfer. Plaintiff instituted this suit seeking damages for injuries allegedly caused by their exposure to asbestos. On September 12, 1997, the district court granted Defendant’s Motion to Transfer.

FACTS

The children of Smith Horne; one of whom is the primary Plaintiff in this suit, filed a wrongful death and survival action suit. Plaintiffs are alleging that their father, an asbestos insulator, contracted lung cancer and asbestosis. They claim that his death was a result of the inhalation of the asbestos fibers and dust he was exposed to at job sites.
Suit was originally filed in Orleans Parish, Civil District Court. However, the defendants filed exceptions of improper venue. The exceptions were sustained and the defendants filed motions to transfer the suit to Jefferson Parish. The district court granted the motions and transferred the suit to Jefferson Parish.
|2More than two (2) years later, the children of Smith Horne, including Diana S. Re’, and their mother filed a second suit in Orleans Parish, Civil District Court. The second suit is based on their own damages. More particularly, Diana Re’ alleges that she contracted malignant maeothelioma from exposure to asbestos that contaminated her father’s work clothes. She claims that she was exposed to asbestos for approximately fourteen (14) years; from her birth on June 28, 1963, until her parents’ separation in 1977.
Two (2) Defendants in this case, Garloek, Inc. (Garloek) and W.R. Grace (Grace) moved to have the case transferred to Jefferson Parish, pursuant to LSA-C.C.P. art. 128 Forum Non Conveniens. Garloek and Grace argued that the case should be transferred and consolidated because of the issues of fact and law common to both cases. The Defendant’s motion was granted and the case was transferred to Jefferson Parish.

DISCUSSION

Diana Re’ argues that the trial court erred in granting the Motion to Transfer because the case does not meet the traditional grounds for forum non conveniens under LSA-C.C.P. art. 123. She argues that this case should not be consolidated with the wrongful death suit because the cases involve different defendants and different issues and consolidation would prejudice the rights of other parties. Diana Re’ further argues that consolidation of the cases would not accommodate a prompt trial date. She claims that she is entitled to an expedited trial date because she is not expected to live beyond six (6) months.
LSA-C.C.P. art 123(A) provides:
For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the courts’s own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise ha court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article.
In Lamb v. Highlines Const. Co., 541 So.2d 269 (La.App. 4 Cir.1989), this Court reversed the trial court’s transfer of a suit from Orleans Parish to Jefferson Parish. The defendant in that ease failed to make a clear and convincing showing that the convenience of all parties and the interest of justice demanded the transfer. This Court recognized that the plaintiff’s choice of forum is entitled to great weight. Finally, in deciding Lamb, this Court outlined four issues that a moving party must address to prove that the. convenience of the parties and the interest of justice require that the litigation proceed elsewhere. Id.
First, the moving party must address the issue of convenience as it relates to the parties and witnesses. The next issue the moving party must address is the forum’s accessibility, to the sources of proof and evidence, including viewing the premises, if nee- *662 essary. The third issue the moving party must address is the costs of obtaining the attendance of the witnesses. Lastly, the moving party must address the advantages and obstacles to a fair trial as they relate to the transfer. Lamb v. Highlines Const. Co., 541 So.2d 269 (La.App. 4 Cir.1989).
In their opposition, Garloek and Grace cite Davis v. Louisiana Power & Light, 94-1462 (La.App. 4 Cir. 11/17/94), 645 So.2d 1299. In Davis, two men, both domiciled in Jefferson Parish, were injured when they came in contact with the defendant’s power line. The incident occurred in Jefferson Parish. However, one man filed suit in Jefferson, while the other man filed suit in Orleans Parish. The defendant filed a motion to transfer the Orleans Parish suit to Jefferson Parish pursuant to LSA-C.C.P. art. 123. Id.
The trial court refused to grant the motion; but this Court reversed, stating:
The interest of justice requires the transfer in order that the cases can be consolidated and tried-in Jefferson saving parties’ expense of two. trials, saving judicial time, and avoiding the possibility of inconsistent results.
14This Court concluded-' that under the circumstances, the trial court’s denial of the motion was an abuse of its discretion. Davis v. Louisiana Power & Light, 94-1462 (La.App. 4 Cir. 11/17/94), 645 So.2d 1299.
Garloek and Grace argue that the key factual issues in both cases are the same in that any alleged exposure suffered by the Plaintiff in this suit is incidental to the exposure suffered by the decedent in the first suit, since the Plaintiff alleges that she was exposed to the asbestos on the decedent’s work clothes. Garloek and Grace explain that the asbestos-containing products would be the same in both cases and the common issue in both cases is whether the products were unreasonably dangerous. They argue that if the suit in Jefferson Parish is tried first, it would resolve most of the issues in the present suit. Finally they explain that if the Plaintiff in this suit proves that she was exposed to the Defendants’ products and they were unreasonably dangerous, she will have proven the same allegations with respect to many of the defendants in the Jefferson. Parish suit.
-Accordingly, in an attempt to avoid the possibility of inconsistent results and in the interest of judicial economy the trial court’s ruling is affirmed.

AFFIRMED.

BYRNES, J., dissents with reasons.