| xBYRNES, Judge,
dissenting with reasons.
When the Louisiana Supreme Court in Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, 989 held that the “alternative venue provisions are no longer exceptions to Article 42’s ‘home base’ venue,”'it sent a clear message that it is the plaintiff’s right to chose among acceptable venue alternatives. Or as this Court expressed it in Lamb v. Highlines Const. Co., Inc. 541 So.2d 269, 271 (La.App. 4 Cir.1989), “plaintiffs choice of forum is entitled to great weight.”
LSA-C.C.P. art. 123 creates a forum non conveniens exception to the plaintiffs right to choose among acceptable venues. That this authority to frustrate the normal right of the plaintiff to choose among acceptable venues is intended to be exceptional in nature and employed sparingly is illustrated by the fact that LSA-C.C.P. art. 123 specifically requires that it may be invoked only pursuant to a contradictory hearing and, under no circumstances, may be invoked when the suit has been-filed “in the parish in which the plaintiff is domiciled.”
LSA-C.C.P. art. 123 establishes “the convenience of the parties and the witnesses, in the interest of justice” as the criterion by which the decision to transfer is to be judged. The transfer in the instant case from Orleans to Jefferson cannot be invoked on the grounds of geographic convenience. As this jeourt stated in Lamb, 541 So.2d at 271:
The two forums are so close in fact that it would be impossible for the defendant to prove any substantial difference in terms of convenience of the parties, access to sources of proof, costs of obtaining.attendance of witnesses or advantages and obstacles to a fair trial.
*663 Therefore, in order to sustain the decision of the trial court in this case to transfer the Orleans suit to Jefferson Parish we must look to some other justification. In ordering the transfer the trial court stated:
The sole reason for which the Court granted defendants’ motion to transfer is to allow the transferee Court to consider the consolidation for trial of. this suit with Diana S. Re et al. v. Owens-Corning Fiberglas Corp. et al., 24th Judicial District Court, Jefferson Parish, No. 502,685.
The issues raised by this case are whether a Louisiana district court has the general authority to make a forum non conveniens transfer of a case to a Louisiana court in another district for the purpose of consolidation with another case in the transferee court, and, if so, whether the decision to do so in this case was an abuse of discretion. The reason this poses a problem is because the court that has the authority to order the consolidation does not have the authority to order the transfer and the court that has the authority to order the transfer does not have the authority to order the consolidation.
The Orleans Parish district court has no authority to order the consolidation of this case with the case pending in Jefferson Parish, and therefore, did not and could not order the consolidation in addition to the transfer. LSA-C.C.P. art. 1561 provides authority for consolidation only for cases pending in the same court. LSA-C.C.P. art. 1561 was amended in' the |3most recent session of the legislature, effective August 15,1997, pri- or to the rendering of the order that is the subject of this writ. This amendment imposes the new requirement that before the consolidation can be ordered the trial court must find as a result of a contradictory hearing that common issues of fact and law predominate. Act No. 968 of 1997. Prior to Act No. 968 of 1997, consolidation could be ordered when there was merely “a common question of law or fact.”
In the instant case the plaintiff-relator in the Orleans Parish suit is claiming she suffered an asbestos related injury (mesothelio-ma) caused by asbestos brought home on her father’s clothes for which the defendants-respondents are responsible. Plaintiff-relator alleges that the Jefferson Parish suit involves different issues of fact and law, including factual differences arising out of the Jefferson plaintiffs exposure to asbestos at a number of workplaces not involved in the Orleans suit, and legal differences arising out of the employer-employee relationships involved in the Jefferson suit while no such relationships exist in the Orleans suit. The defendants-respondents counter, in effect, that common issues of fact and law predominate, and the transfer to Jefferson will serve the interests of judicial economy and prevent the possibility of an inconsistent result, while the plaintiff-relator argues that common questions do not predominate. However, we have none of the pleadings before us from either Orleans or Jefferson by which wé might attempt to evaluate the commonality existing between the two suits. We have only argument of counsel. Argument of counsel is not evidence. The most one can deduce is that there is a serious dispute between the.parties about the ^similarities between the two cases.
There is no assurance that the Jefferson court in the proper exercise of its discretion to consolidate under LSA-C.C.P. art. 1561 as recently amended will see fit to order consolidation. In Davis v. Louisiana Power & Light, 94-1462 (La.App. 4 Cir. 11/17/94); 645 So.2d 1299 this court ordered a transfer pursuant LSA-C.C.P. art. 123 in order to make consolidation possible. However, the two cases to be consolidated in Davis arose out of the same accident. The identity of issues of fact and law appears to be significantly greater in Davis than in the instant case. Moreover, the Davis case was decided prior to the recent amendment to LSA-C.C.P. art. 1561. The Davis panel might have ruled differently under the new law. Even the respondents, Garlock Inc. and W.R. Grace & Co.-Conn, in their opposition to the relators’ writ application acknowledge that: “Once the suit is transferred to Jefferson, only the judge there will have jurisdiction to rule on its conduct.”
There is a fundamental problem with making a forum non conveniens transfer of a case when the sole rationale for the transfer *664 is the potential for consolidation, since the transferring court has no authority to order the consolidation, and there is no certainty that the transferee court will exercise its discretion to consolidate. This problem is compounded by the fact that when this case is transferred to Jefferson there is no guarantee that initially it will even be allotted to the same division as the pending case which will mean that the judge to whom it is allotted will not have the advantage of being familiar with the existing case when called upon to make the decision to consolidate. This will further retard the efforts of the plaintiffs in the instant case to be Rheard on the merits. As mentioned hereinafter, Diana Re may not live to see this matter resolved.
I am philosophically in agreement with the majority on the principle that there ought to exist some mechanism for transferring and consolidating certain cases, but the failure of the legislature to integrate LSA-C.C.P. art. 123 on forum non conveniens with LSA-C.C.P. art. 1561 concerning the power to consolidate provides no authority to do so, and, if anything, creates a strong inference to the contrary. Cases such as Davis arose under the old, more liberal standards for consolidation where the prospect of consolidation in the transferee court was more likely and concomitantly the prospect was much less likely of frustrating the plaintiffs choice of forum (entitled to great weight under Lamb, supra) to no purpose. Moreover, Davis failed to consider what happens when a case ordered transferred for purposes of consolidation is not consolidated by the transferee court.
The relator has suggested that we consider amending the transfer order to make it conditioned upon the ultimate consolidation of the cases. The jurisdiction of the transferee court cannot be made contingent upon its decision to consolidate.
I would suggest four possible solutions to the problem in order of merit:
(1)Specific legislation plugging the gap between LSA-C.C.P. art. 128 and 1561, e.g., granting the transferring court authority to make the transfer contingent upon consolidation, or mandating the transferee court to transfer back in the event it fails to- consolidate, or granting one court the authority to order both the transfer and lethe consolidation. . This last alternative avoids the potentially costly and unfair burden on the plaintiff of having the case delayed for who knows how long while it is potentially bounced back and forth between the two venues, but may not be received favorably by courts that might view such a solution as an encroachment on their prerogatives and jurisdiction.
(2) A pronouncement by the Supreme Court establishing criteria and guidelines. This would be analogous to the approach that was adopted by that portion of Act 968 of 1997 enacting new LSA-C.C.P. art. 253.2 which provides that, “the supreme court by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.” [Emphasis added.]
(3) A finding by the transferring court that the common issues of fact and law are so overwhelming that for the transferee court to deny the consolidation would be an abuse of discretion under LSA-C.C.P. art. 1561. Although such a finding by the transferring court would not be binding on the transferee court, it would at least provide justification for the transferring court’s actions.
(4) A finding by the transferring court that the cases involve common questions of law and fact to such an extent that in the opinion of the transferring court it is more probable than not that the transferee court will exercise its discretion in favor of consolidation.
]7The first two approaches are what might be called legal solutions, while approaches three and four presuppose the existence of a legal solution, but require certain findings of fact. We do not have the benefit of the first two solutions at this time, and the record before us cannot support the findings required by either the third or fourth solutions had the Orleans court attempted to adopt either approach. Therefore, even if we assume that a transferring court has the authority to make a forum non conveniens transfer for purposes of a consolidation it is *665 powerless to effectuate, the record before us provides no factual basis for doing so in this case. In other words, based on the record before this Court, even if we assume that the Orleans court had the discretionary authority to order the forum non conveniens transfer for a consolidation that may never take place, to do so in this case was an abuse of discretion in the absence of reasonable evidence in the record that consolidation is reasonable or appropriate in this case. The plaintiff has been dispossessed of her right to choose her forum soley for purposes of a consolidation that has no support in the record. It is not fair to require the plaintiff to give up a certainty (her right to choose her forum) for a mere contingency — the speculative possibility of consolidation.
Because of the exceptional nature of forum non-conveniens, the burden is on the moving party (including the court on its own motion) to substantiate the decision to move. The failure to substantiate the reasonableness of the prospects of consolidation is fatal to the decision to transfer on that basis.
Although this case can be disposed of on the record (or more accurately, what is not in the record) I would hope that the Supreme Court would address Isthis problem, if only to suggest that the legislature needs to reconcile the gap that exists between LSA-C.C.P. art. 128 and 1561.
For the foregoing reasons, I would grant the writ, and therefore must respectfully dissent from the decision of the majority to the contrary.