| | | |
|---|---|---|
| **SIGNET JEWELERS LTD.,** | * | **NO. 2021-CA-0288** |
| **AND STERLING JEWELERS** | | |
| **INC.** | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **STEADFAST INSURANCE** | * | |
| **COMPANY** | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03750, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Dale N. Atkins)

Adam S. Ziffer (pro hac vice)
Orrie A. Levy (pro hac vice)
COHEN ZIFFER FRENCHMAN & MCKENNA LLP
1350 Avenue of the Americas, 25th Floor
New York, NY 10019

Thomas M. Flanagan
Harold J. Flanagan
Anders F. Holmgren
FLANAGAN PARTNERS, LLP
201 St. Charles Avenue, Suite 3300
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFFS/APPELLANTS


Troy N. Bell
Colin F. Lozes
Ashley M. DeMouy
COURINGTON KIEFER & SOMMERS, L.L.C.
616 Girod Street
New Orleans, LA 70130

H. Alston Johnson, III
Virginia Y. Dodd
Kevin W. Welsh
PHELPS DUNBAR LLP
II City Plaza, 400 Convention Street, Suite 1100
Baton Rouge, LA 70802

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**DECEMBER 22, 2021**

This is an insurance coverage case. Plaintiffs/appellants, Signet Jewelers Ltd. ("Signet") and Sterling Jewelers Inc. ("Sterling")(collectively "Jewelers"), appeal the February 26, 2021 judgment of the district court, granting the motion to dismiss for *forum non conveniens* in favor of defendant/appellee, Steadfast Insurance Company ("Steadfast"), and dismissing Jewelers' lawsuit without prejudice. For the reasons that follow, we affirm.

This litigation involves a business interruption insurance coverage dispute arising from the COVID-19 pandemic. On May 14, 2020, Jewelers filed a petition for damages and action for declaratory judgment in the Civil District Court for the Parish of Orleans (the "District Court") alleging breach of contract due to Steadfast's denial of insurance coverage for Jewelers' business losses. The following facts are pertinent to the parties' forum dispute.

Signet is a limited company organized under the laws of Bermuda with its principal place of business in Ohio. Sterling is a corporation organized under the laws of Delaware with its principal place of business in Ohio. Sterling is a wholly

1

owned subsidiary of Signet. Steadfast is a corporation organized under the laws of Delaware with its principal place of business in Illinois. Steadfast issued commercial property primary and excess insurance policies to Jewelers for retail stores in North America and Europe. Jewelers operate more than 3,000 retail stores internationally under the names "Kay," "Zales," and "Jared." Of these approximately 3,000 stores, there are 39 Louisiana locations and 1 Orleans Parish location. According to Jewelers, due to the 2020 coronavirus outbreak, Signet was forced to close "thousands" of these stores. Jewelers allege that the two Steadfast commercial property policies apply to all of Jewelers' pandemic-related business interruption and lost revenue claims at all of their retail stores, nationwide and internationally. According to the petition, Steadfast denied coverage due to lack of direct physical damage to property and because of a contamination exclusion. Jewelers allege that a Louisiana Amendatory Endorsement changes the policy definition of "contamination," such that a "virus" is not an excluded cause of loss. According to Jewelers, the language of the Louisiana Amendatory Endorsement resulted from negotiations between Steadfast's parent company (Zurich American Insurance Company) and Louisiana regulators, such that the scope of the Louisiana Amendatory Endorsement should be litigated in a Louisiana court.

On June 30, 2020, six weeks after Jewelers filed their lawsuit in the District Court, Steadfast filed a Complaint for Declaratory Action against Jewelers in the Court of Common Pleas, Summit County Ohio (the "Ohio Suit"). In the Ohio Suit, Jewelers filed a *forum non conveniens* motion, and the Ohio Suit is presently

2

stayed. Meanwhile, in the District Court, Steadfast filed numerous exceptions and the *forum non conveniens* motion presently at issue on appeal. The District Court held a hearing on November 6, 2020, and thereafter issued several judgments in response to these exceptions and this motion. In particular, on December 11, 2020, the District Court noticed, on its own motion, lack of subject matter jurisdiction over claims for retail stores outside of Louisiana and ordered those claims dismissed without prejudice. On January 6, 2021, the District Court rendered a judgment in which it granted Steadfast's *forum non conveniens* motion and dismissed Jewelers' lawsuit with prejudice. On January 21, 2021, the District Court vacated the January 6, 2021 judgment and entered an amended judgment correcting the name of the Ohio court. In response to this amended judgment, Jewelers filed a motion for new trial. On February 26, 2021, the District Court granted a new trial, in part, amending dismissal of Jewelers' lawsuit from "with prejudice" to "without prejudice." This appeal followed.

Jewelers raise two assignments of error, as follows:

1.     The district court erred in granting Steadfast's motion to dismiss on grounds of *forum non conveniens*.

2.     The district court erred in finding a lack of subject matter jurisdiction over Signet's civil claims for breach of contract with respect to losses Signet suffered at its retail locations outside the State of Louisiana.

We first address convenient forum. A district court's ruling on a motion to dismiss for *forum non conveniens* is reviewed for an abuse of discretion. *Star Transp., Inc. v. Pilot Corp.*, 14-1228, p. 3 (La. App. 4 Cir. 6/24/15), 171 So.3d

1195, 1197-98. "The abuse of discretion standard is appropriate because La. C.C.P. art. 123 confers a great amount of discretion on the trial court in determining if the conditions for *forum non conveniens* are fulfilled; and, subsequently, an appellate court reviews whether or not the trial court abused this discretion." *Minot Obo Minor Theod'Ior Minot v. Waffle House, Inc.*, 20-0444, p. 9 (La. App. 4 Cir. 10/2/20), --- So.3d ---, ---, 2020 WL 5868328, at *5 (citing *Martinez v. Marlow Trading, S.A.*, 04-0538, p. 4 (La. App. 4 Cir. 2/2/05), 894 So.2d 1222, 1225), *writ denied sub nom.*, *Minot v. Waffle House, Inc.*, 20-01277 (La. 1/12/21), 308 So.3d 714. "The plaintiff's initial choice of forum is entitled to deference," but a "plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting on him expense or trouble not necessary to his own right to pursue his remedy." *Holland v. Lincoln Gen. Hosp.*, 10-0038, pp. 6-7 (La. 10/19/10), 48 So.3d 1050, 1055 (citations omitted). Moreover, "[c]ourts give less deference to a plaintiff's choice to sue outside his home forum." *Boudreaux v. Able Supply Co.*, 08-1350, p. 6 (La. App. 3 Cir. 10/7/09), 19 So.3d 1263, 1269; *see also Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007)).

Louisiana Code of Civil Procedure Article 123(B) provides for dismissal without prejudice where it is shown that a more appropriate forum exists outside of Louisiana:

> Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of

4

this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice . . . .

La. C.C.P. art. 123(B). This Court recently discussed the relevant factors and burden of proof:

> The doctrine of *forum non conveniens* presupposes at least two forums where the defendant is amenable to process and simply furnishes criteria for choice between them. Thus, a defendant seeking dismissal, at the trial level, based upon *forum non conveniens* must first establish that an alternate forum [exists] that is both available and adequate. If the trial court concludes that an alternative forum exists, it then considers all of the relevant private interest factors, balancing those factors weighing in favor of dismissal with the deference given to the plaintiff's choice of forum. The relevant private interest factors include:
>
> - The convenience of the parties and witnesses;
> - The access to the sources of proof, as well as viewing of the premises if appropriate;
> - The cost of obtaining attendance of witnesses; and
> - The advantages and obstacles to a fair trial.
>
> After considering the private interest factors, a court then considers the public interest factors to determine whether retention of jurisdiction would be unnecessarily burdensome to either the defendant or the court. The public interest factors include the following:
>
> - The administrative difficulties flowing from court congestions;
> - The local interest in having localized controversies decided at home;
> - The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;
> - The avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; and
> - The unfairness of burdening citizens in an unrelated forum with jury duty.

*Minot*, 20-0444, pp. 9-10, 2020 WL 5868328, at *6, --- So.3d at --- (citing

*Martinez*, 04-0538, pp. 5-7, 894 So.2d at 1226-27)(other citations omitted).

In the case *sub judice*, Steadfast demonstrated that an adequate and available forum exists in Summit County Ohio where Steadfast filed the Ohio Suit. The private interest factors support a finding that Summit County Ohio is a convenient and appropriate forum. As far as convenience for the parties, Jewelers are domiciled in Ohio. While Steadfast is domiciled in Illinois, no party is domiciled in Orleans Parish. Neither party makes a strong showing identifying the names of specific witnesses who will be called to testify, other than Jewelers' corporate counsel (located in Ohio); still, Jewelers' corporate headquarters is in Summit County Ohio, and those corporate representatives would almost certainly testify. No Orleans Parish witnesses were identified by either party, and Steadfast argues there would be very few, if any. Access to sources of proof favors Ohio. The policy was negotiated in Ohio, where Jewelers' corporate headquarters are located. Steadfast (through its parent, Zurich) "negotiated" the disputed Louisiana endorsement with Louisiana insurance regulators who are located in East Baton Rouge Parish. Jewelers operate only one retail store in Orleans Parish and 38 stores in other parishes in Louisiana. Jewelers' alleged losses took place throughout the world. Jewelers represent that much discovery would be conducted electronically, suggesting it may take place anywhere. From a travel standpoint, Ohio is appreciably closer to Illinois than Orleans Parish, though both locations will

require travel for any Illinois Steadfast corporate witnesses. The record lacks any demonstration on any party's ability to receive a fair trial.

The public interest factors, overall, support that Ohio is a convenient and appropriate venue. Again, while the disputed closures among their 3,000 stores took place internationally, Jewelers' corporate nerve center is in Ohio, which favors a local interest in having localized controversies decided at home, particularly where only one store is located in Orleans Parish. Jewelers argue that Louisiana courts have a significant interest in litigating the scope of the Louisiana endorsement. Even so, numerous endorsements specific to other states are a part of the policies at issue. The parties have not demonstrated through their briefing which state's law will apply to this litigation. Considering court administrative issues of congestion and jury duty in disputes in an unrelated forum, Jewelers have demanded a jury in Orleans Parish, though no party has done so yet in Ohio.

Jewelers argue that Steadfast failed, in the District Court, to meet its burden of proof on the *forum non conveniens* motion; Jewelers argue Steadfast's burden is a "clear and convincing" evidence standard. Jewelers rely on *Lamb v. Highlines Constr. Co.*, 541 So.2d 269, 271 (La. App. 4 Cir. 1989), which found the mover therein failed to make a "clear and convincing showing" that convenience of the parties demanded transfer to a different forum. *Lamb* contains no analysis of such a showing, and only one case has cited *Lamb* on this point.[1] We find no merit in this

---

[1] *See Re' v. Owens-Corning Fiberglas Corp.*, 97-2223, p. 3 (La. App. 4 Cir. 1/28/98), 706 So.2d 660, 661.

argument, however, as the forums disputed in *Lamb* were adjoining parishes, and neither La. C.C.P. art. 123 nor recent jurisprudence applies or discusses a clear and convincing standard. Indeed, subsequent Louisiana cases have instead afforded trial courts wide discretion in ruling on convenient forum. *See*, *e.g.*, *Minot*, *supra*; *Martinez*, *supra*; *Cantuba v. Am. Bureau of Shipping*, 01-1139-42, p. 2 (La. App. 4 Cir. 2/13/02), 811 So.2d 50, 52; *Brumley v. Akzona, Inc.*, 09-0861, p. 3 (La. App. 4 Cir. 1/13/10), 45 So.3d 1115, 1116-17. Also, La. C.C.P. art. 123 requires a "contradictory motion" – which Steadfast filed here – or "the court's own motion" and a "contradictory hearing." While, as Jewelers' suggest, **some** deference is afforded to its choice of forum, courts give less deference to a plaintiff's choice to sue outside his home forum. *Boudreaux*, 08-1350, p. 6, 19 So.3d at 1269; *Sinochem*, 549 U.S. 422 at 430, 127 S.Ct. at 1191, 167 L.Ed.2d 15.

Thus, given the totality of ties to Ohio and the distance and very limited connection to Orleans Parish in particular, in a case with claims worldwide, Jewelers have not shown any abuse of discretion in dismissing the case without prejudice in favor of the Ohio Suit. Thus, finding no abuse of the District Court's wide discretion, we affirm its judgment.[2]

Accordingly, for the reasons set forth herein, we affirm the judgment of the District Court.

**AFFIRMED**

---

[2] Considering that our conclusion upholds the dismissal of the lawsuit without prejudice, we find it unnecessary to reach Jewelers' second assignment of error relative to the District Court's order finding no subject matter jurisdiction on certain claims.