KNOLL, J.
 
 *
 

 _[¡This writ concerns a venue dispute in a medical malpractice action. Mar’Kirney Holland, a four-year-old girl with chronic health problems, received allegedly negligent medical care in Lincoln Parish on June 14 and 15, 2004. She died in Orleans Parish on June 16, 2004, after being rushed to Tulane Hospital for emergency treatment. We are called upon to determine whether Lincoln Parish or Orleans Parish is the proper venue for the wrongful death and survival actions arising out of Mar’Kirney’s tragic and untimely death. For the following reasons, we find the trial court erred in finding Orleans Parish is an adequately convenient forum, and we transfer the case to Lincoln Parish pursuant to the
 
 forum non conveniens
 
 doctrine set forth in La.Code of Civ. Proc. art. 128.
 

 In so doing, we resolve two questions. Firstly, whether a court may address a
 
 forum non conveniens
 
 motion without first determining whether venue is proper. |2Although the issue is
 
 res nova
 
 in this court, the United States Supreme Court has held a “district court has discretion to respond at once to a defendant’s
 
 forum non conveniens
 
 plea, and need not take up first any other threshold objection.”
 
 Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,
 
 549 U.S. 422, 425, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). We are in accord with this ruling. Where venue is disputed, but one forum is clearly more convenient, a court may rule first on a
 
 forum non conveniens
 
 motion in the interests of judicial efficiency.
 

 Secondly, we must determine whether the trial court erred in denying defendants’ motion to transfer pursuant to the
 
 forum non conveniens
 
 doctrine. Both defendants and plaintiff reside in Lincoln Parish, all acts of alleged malpractice took place in Lincoln Parish, and the most important witnesses reside in or near Lincoln Parish. Given the lengthy distance and travel time between Ruston to New Orleans, the parties and witnesses would likely incur considerable expense and inconvenience if this case were heard in Orleans Parish. The defendants’ motion to transfer is therefore granted, and we remand for further proceedings in Lincoln Parish.
 

 FACTS
 

 Because this case has not proceeded beyond the pleadings stage, the record before us is fairly thin. Many details regarding Mar’Kirney’s illness, treatment, and death have not yet been developed. However, the following relevant facts are undisputed.
 

 Mar’Kirney Holland was born prematurely on November 12, 1999. From a young age, she suffered from hydrocephalus, a condition in which cerebrospinal fluid pools in the brain. Doctors at Tulane Hospital in New Orleans inserted a shunt to drain this fluid.
 
 [1]
 
 The shunt required occasional adjustment, and most if not all of the treatment related to Mar’Kirney’s shunt took place at Tulane [sHospital in New Orleans. Although the record does not reflect precisely how often she traveled
 
 *1053
 
 to New Orleans for treatment, Mar’Kirney underwent the most recent surgical “shunt revision” at Tulane Hospital on May 28, 2004, approximately two weeks before her death.
 

 On June 14, 2004, Mar’Kirney began to suffer headaches, nausea, and vomiting. Latisha Holland, Mar’Kirney’s mother, brought her to the emergency room at Lincoln General Hospital. She was treated by Dr. Hoa Nguyen, who diagnosed an upper respiratory infection, gave her a prescription, and discharged her. Plaintiff alleges she informed Dr. Nguyen of Mar’Kirney’s condition, including the shunt, prior to his diagnosis.
 

 Mar’Kirney’s condition worsened overnight. Early the next morning, her mother brought her back to the Lincoln General emergency room. Plaintiff alleges they waited over an hour without seeing a doctor, then decided to seek help elsewhere. Latisha left and called Mar’Kirney’s family physician, who told her to return to the hospital immediately. Upon or shortly after her return to Lincoln General, Mar’Kirney stopped breathing and turned blue, and immediate intervention was required. CT scans revealed the shunt had been blocked, and the Lincoln General medical staff contacted Mar’Kirney’s doctors at Tulane Hospital for further instructions. Shortly thereafter, she was transferred to Tulane Hospital for further treatment. By the time she arrived at Tulane’s Pediatric Care Unit at 5:20 pm on June 15, 2004, her condition was extremely serious and possibly irreversible. She died less than 24 hours later.
 

 PROCEDURAL HISTORY
 

 Plaintiff requested an opinion from a medical review panel regarding possible malpractice on the part of Dr. Nguyen and Lincoln General. On January 14, 2008, Lthe medical review panel issued its report finding the defendants did not breach the applicable standard of care.
 

 On April 13, 2009, plaintiff filed a petition in Orleans Parish Civil District Court seeking survival and wrongful death damages under La. Civ.Code arts. 2315.1 and 2315.2. On April 14, 2009, plaintiff filed a substantively identical petition in the Third Judicial District, Lincoln Parish.
 

 Dr. Nguyen and Lincoln General each filed a separate declinatory exception of improper venue and, alternatively, a motion to transfer pursuant to
 
 forum non conveniens.
 
 The defendants have not yet answered, but the parties have conducted some depositions which provide an eviden-tiary basis for a determination of proper venue.
 

 The trial court overruled the exceptions and denied the motions to transfer. Defendants applied for supervisory writs, which were denied by the court of appeal.
 

 Defendants separately sought interlocutory review by this Court, which we granted.
 
 [2]
 

 DISCUSSION
 

 A.
 
 Whether A Declinatory Exception of Improper Venue Is A Threshold Issue
 

 As an initial matter, we must decide whether a court is obligated to rule on defendant’s exception of improper venue as a threshold issue. The Code of Civil Procedure is silent on this issue. La.Code Civ. Proc. art. 929 states a “declinatory exception ... when pleaded before or in the answer shall be tried and decided in advance of the trial of the case.” However, there is no provision stating whether an exception must be tried and decided prior
 
 *1054
 
 to decision on a motion for
 
 forum non conveniens.
 

 IsAlthough this Court has never addressed whether venue is a threshold issue in this context, two Louisiana appellate courts have squarely considered the issue. In both cases, the court held a “court has jurisdiction to rule on the
 
 forum non con-veniens
 
 motion regardless of whether venue is proper.”
 
 Boudreaux v. Able Supply Co.,
 
 08-1350 (La.App. 3 Cir. 10/7/09), 19 So.3d 1263, 1270;
 
 Brumley v. Akzona, Inc.,
 
 2009-0861 (La.App. 4 Cir. 1/13/10), 25 So.3d 1036 (unpublished). We agree.
 

 Both
 
 Boudreaux
 
 and
 
 Brumley
 
 rely upon and follow the U.S. Supreme Court’s unanimous decision in
 
 Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.,
 
 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). In
 
 Sinochem,
 
 the Court held “a district court has discretion to respond at once to a defendant’s
 
 forum non conveniens
 
 plea, and need not take up first any other threshold objection.”
 
 Id.
 
 at 425, 127 S.Ct. 1184. Although a court must resolve any jurisdictional challenges prior to ruling on the
 
 merits
 
 of a case, a dismissal or transfer based on
 
 forum non conveniens
 
 does not dispose of a case on the merits, but merely shifts it to another courthouse for trial.
 
 Id.
 
 at 432, 127 S.Ct. 1184. Therefore, a court may decide a
 
 forum non conveniens
 
 challenge first where doing so would be in the best interests of “convenience, fairness, and judicial economy.”
 
 Id.
 
 at 432, 127 S.Ct. 1184. This holding is especially applicable where the determination of venue would be complex or time-consuming, yet one forum is clearly more convenient to the parties and witnesses.
 

 To clarify, our holding is limited to cases where the transferee court is a court of “competent jurisdiction and proper venue.” La.Code Civ. Proc. art. 123(A). When a court grants a motion to transfer pursuant to
 
 forum non conveniens,
 
 it must take pains to ensure it is not transferring the case to a forum where additional venue or jurisdictional challenges will be filed— requiring two judges in two parishes to | ^independently assess those issues would certainly not further the goals of increased judicial efficiency. Put otherwise, the
 
 forum non conveniens
 
 doctrine “presupposes at least two forums in which the defendant is amenable to process.”
 
 Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 506-7, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). If the proposed transferee court lacks jurisdiction or would be an improper venue, the motion to transfer must be denied irrespective of the relative convenience of the fora. In this case, however, both parties agree venue and jurisdiction are proper in Lincoln Parish.
 

 Here, the legal issues regarding whether venue in Orleans Parish is proper under La.Code Civ. Proc. art. 74 need not be resolved, as the application of the
 
 forum non conveniens
 
 doctrine is relatively straightforward. We therefore rule based on
 
 forum non conveniens
 
 and therefore pretermit any discussion of defendants’ declinatory exception of venue and the issues raised therein.
 

 B.
 
 Forum Non Conveniens
 

 Under Louisiana law,
 
 forum non conveniens
 
 is a purely statutory doctrine set forth in La.Code Civ. Proc. art. 123(A):
 

 For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court’s own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be
 
 *1055
 
 transferred to any other court pursuant to this Article.
 

 Generally speaking, where proper venue lies in more than one parish, “plaintiffs may choose any venue available.”
 
 Cacamo v. Liberty Mutual Fire Ins. Co.,
 
 1999-3479 (La.6/30/00), 764 So.2d 41, 44. The plaintiffs initial choice of forum is entitled to deference, and the burden is on the party seeking a transfer to show why the motion should be granted.
 
 Lamb v. Highlines Construction Co.,
 
 541 So.2d 269, 271 (La.App. 4 Cir.1989);
 
 Piper Aircraft Co. v. Reyno,
 
 454 U.S. 235, 255, 102 S.Ct.7 252, 70 L.Ed.2d 419 (1981). However, a “plaintiff may not, by choice of an inconvenient forum, ‘vex,’ ‘harass,’ or ‘oppress’ the defendant by inflicting on him expense or trouble not necessary to his own right to pursue his remedy.”
 
 Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).
 

 La.Code Civ. Proc. art. 123 provides for transfer based on the “convenience of the parties and the witnesses” and “in the interest of justice.” We address each of these factors in turn.
 

 Convenience of the Parties
 

 Defendants claim the convenience of all interested parties would best be served by hearing this case in Lincoln Parish. Plaintiff, Latisha Holland, is a resident and domiciliary of Lincoln Parish, as was Mar’Kirney Holland prior to her death. Lincoln General’s principal place of business is in Lincoln Parish, and Dr. Nguyen resides in neighboring Ouachita Parish.
 

 Notably, plaintiff does not seek to have this lawsuit heard in her home parish. Louisiana law provides an irrebuttable presumption that a plaintiffs own domicile is a convenient forum: “no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.” La.Code Civ. Proc. art. 123(A).
 

 Although plaintiff may waive her objection to any inconvenience on her part, there is little doubt that litigating in Orleans Parish will cause a significant burden on both defendants. The driving distance from Ruston to New Orleans is over 300 miles. This distance weighs heavily in favor of a transfer. Absent extraordinary circumstances, a motion to transfer based on
 
 forum non conveniens
 
 will generally not Isbe granted if the distance between the two possible fora is relatively small.
 
 [3]
 
 Here, the comparatively long distance between Ruston and New Orleans weighs in favor of transfer. The parties will be forced to take the approximately five hour trip to New Orleans for trial, stay there overnight, possibly for several nights, and presumably miss work. Common sense dictates defendants will be seriously inconvenienced if the case proceeds to trial in Orleans Parish, and this factor favors defendants.
 

 Convenience of the Witnesses
 

 We next turn to the inconvenience which will be caused to non-party witnesses. From the deposition transcripts we glean
 
 *1056
 
 several key witnesses reside in or near Lincoln Parish. All three members of the medical review panel — Dr. Ken Miller, Dr. E.L. Edwards, and Dr. Curtis Balius— reside in north Louisiana. Two nurses who defendants aver will be called as witnesses — Valerie Renee’ Skipper and David Raspberry — reside and work in Lincoln Parish.
 
 [4]
 
 Nurse Shift Director, Jerry Don Allen, also resides in Lincoln Parish.
 

 Plaintiff counters that she plans to call ■witnesses who live in the New Orleans area, primarily doctors and nurses from Tulane Hospital. Plaintiff avers these witnesses may be called to testify on subjects concerning the care Mar’Kirney | ^received during her previous visits to Tulane Hospital, any conversations between Tulane Hospital staffers and Lincoln General staffers regarding Mar’Kirney’s treatment, the condition she was in when she arrived at Tulane Hospital on the afternoon of June 15, 2004, and the medical care she received prior to her death.
 

 Plaintiffs brief lists the names of thirty-three persons who she claims may testify and who presumably live in the New Orleans area, although plaintiff candidly admits not all of these witnesses will actually be called at trial. However, plaintiff introduced no evidence into the record showing who any of these listed persons are, where they live, or what subjects they will testify to. Even assuming plaintiff had properly introduced this list of potential witnesses into evidence, we find it unconvincing. Significantly, plaintiff does not establish these witnesses’ testimony will be directly relevant to the primary allegations of the petition. Although testimony related to Mar’Kirney’s treatment at Tulane Hospital may be relevant as background, plaintiff does not allege any malpractice took place at Tulane Hospital. The only alleged instances of malpractice took place in Lincoln Parish, and the testimony of the Lincoln Parish witnesses is more directly relevant to the dispositive issues in this case. The convenience of the north Louisiana witnesses should therefore be weighted more heavily than the convenience of those witnesses who may testify as to background matters not directly related to the alleged malpractice.
 

 As this case demonstrates, determining whether a transfer will serve convenience of witnesses will often involve a tradeoff of causing inconvenience to one witness against causing inconvenience to another witness. However, it is not simply a question of seeing which party can list the most potential witnesses who might be inconvenienced. We find this factor favors defendant.
 

 Convenience of the Expert Witnesses
 

 | mPIaintiff also notes her proposed expert witnesses live in New Orleans. We find the convenience of expert witnesses carries significantly less weight than the convenience of the parties and percipient witnesses for forum selection purposes. Though no court in this state has addressed the issue, courts of other jurisdictions have consistently reached this conclusion.
 
 See Houston Trial Reports, Inc. v. LRP Publications, Inc.,
 
 85 F.Supp.2d 663, 669 (S.D.Tex.1999)(the convenience of expert witness factors minimally in the forum selection analysis);
 
 Williams v. Bow
 
 
 *1057
 

 man,
 
 157 F.Supp.2d 1103, 1108 (N.D.Cal.2001) (“The convenience of expert witnesses, however, is given little weight.”);
 
 Promuto v. Waste Management, Inc.,
 
 44 F.Supp.2d 628, 639-640 (S.D.N.Y.1999)(“All parties acknowledge that the convenience of expert witnesses is entitled to little weight, if any.”)
 

 We find the policy rationale behind these decisions is sound. Litigants may employ any expert of their choosing. Therefore, if the convenience of expert witnesses were given a significant amount of weight in a
 
 forum non conveniens
 
 analysis, “a plaintiff could assure a forum in any [location] in which jurisdiction could be obtained simply by employing counsel and a witness there.”
 
 Anderson v. Great Lakes Dredge and Dock Co.,
 
 411 Mich. 619, 309 N.W.2d 539, 543 (1981). Allowing forum shopping of this sort could severely undermine the principal goals of
 
 the forum non conveniens
 
 doctrine.
 

 Additionally, expert witnesses testify on behalf of one of the litigants. The convenience of the forum will have little effect on an expert’s trial attendance, because litigants normally compensate expert witnesses for their time and travel expenses. Although expert witnesses may be inconvenienced by this travel, this generally does not affect their ability to appear at trial, as evidenced by the frequency with which parties retain expert witnesses from other states.
 
 See Hartz v. Indovina,
 
 2009-967 (La.App. 5 Cir. 4/27/10); 40 So.3d 253 (party retained expert witness from In New York);
 
 Price v. Erbe USA, Inc.,
 
 2009-1076 (La.App. 3 Cir. 6/9/10); 42 So.3d 985 (party retained witness from Tallahassee, Florida). Therefore, we find discounting the convenience of expert witnesses likely would not prejudice the litigant seeking the expert’s testimony.
 

 The Interest of Justice
 

 The final factor set forth in La. Code Civ. Proc. art. 123 is the “interest of justice.” Here, we find the interest of justice favors hearing the case in Lincoln Parish. All parties reside in Lincoln Parish, Lincoln General Hospital' is located within that parish, and all acts of alleged negligence took place in Lincoln Parish. As the United States Supreme Court has noted, “there is ‘a local interest in having localized controversies decided at home.’ ”
 
 Piper Aircraft Co. v. Reyno,
 
 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981),
 
 quoting Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Lincoln Parish clearly has a “local interest” in a dispute involving a Lincoln Parish plaintiff and Lincoln Parish defendants, and where the allegedly negligent acts took place in that parish.
 

 Plaintiff points out defendants do .not claim that Orleans Parish will be a hostile forum or that Orleans Parish courts will be unfairly prejudiced against defendants. However, a motion to transfer under
 
 forum non conveniens
 
 does not require a defendant to show he cannot receive a fair trial in the plaintiffs forum.
 

 Plaintiffs cite
 
 Re’ v. Owens-Cornzing Fiberglas Corp.,
 
 97-2223 (La.App. 4 Cir. 01/28/98), 706 So.2d 660 which states “the moving party must address the advantages and obstacles to a fair trial as they relate to the transfer.”
 
 Id.
 
 at 662,
 
 citing Lamb v. Highlines Construction Co., Inc.,
 
 541 So.2d 269 (La.App. 4 Cir.1989). Both
 
 Re’
 
 and
 
 Lamb
 
 rely on
 
 Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In
 
 Gulf Oil,
 
 the U.S. Supreme Court found, in ruling on a motion Imfor
 
 forum non conveniens,
 
 a court must weigh the “relative advantages and obstacles to fair trial” in each forum.
 
 Id.
 
 at 508, 67 S.Ct. 839. However, La. Code Civ. Proc. art. 123 does not require a
 
 *1058
 
 party seeking transfer to show it cannot receive a fair trial.
 
 [5]
 
 Although there may be some cases where this factor may become relevant, it simply does not apply in the case at bar.
 

 CONCLUSION
 

 As set forth above, we find the convenience of the parties and witnesses, as well as the interest of justice, require this care to be heard in Lincoln Parish.
 

 DECREE
 

 For the foregoing reasons, the denial of the defendants’ motion to transfer is reversed, vacated, and set aside. This matter is hereby transferred to the Third Judicial District Court for further proceedings consistent with this opinion.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . The record does not reflect the precise date this procedure was performed. However, it was apparently some time before the events giving rise to this lawsuit.
 

 [2]
 

 . 2010-0038 (La.4/5/10), 31 So.3d 372, and 2010-0047 (La.4/5/10) 31 So.3d 374.
 

 [3]
 

 . Federal jurisprudence is more fully developed in this area than Louisiana jurisprudence, presumably because the distances involved are generally greater.
 
 See Jumara v. State Farm Ins. Co.,
 
 55 F.3d 873, 880 (3rd Cir.1995)(Motion to transfer will generally be denied where the “transfer requested involves a forum which is a relatively short distance from the original forum”);
 
 In re Volkswagen AG,
 
 371 F.3d 201, 204 (5th Cir.2004)(‘‘When the distance between an existing venue for trial of a matter and a proposed venue ... is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.”)
 

 [4]
 

 . Donald Shane Williams, another nurse, formerly lived in Lincoln Parish but now resides in Hot Springs, Arkansas. Because Williams is a nonresident, he is not subject to a trial subpoena and cannot be required to testify.
 
 Phillips Petroleum Co. v. OKC Ltd. Partnership,
 
 93-1629 (La.4/11/94), 634 So.2d 1186, 1188. If Williams does voluntary travel to testify, we observe both proposed venues would be fairly inconvenient from his perspective.
 

 [5]
 

 . This concern is more properly addressed by a motion brought under La.Code Civ. Proc. art. 122, which permits a court to transfer venue “upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause.” Defendants do not bring a motion to transfer under article 122.