PER CURIAM.
 

 | ¶ Plaintiff, George Osborn, filed the instant Jones Act suit against Ergon Marine & Industrial Supply, Inc. (“Ergon”), alleging he was injured while working as a seaman on a Ergon vessel located in Mississippi territorial waters. In his petition, plaintiff alleged Ergon is a “foreign corporation registered to do and doing business in the State of Louisiana.”
 

 Ergon responded by filing a Motion to Dismiss Without Prejudice for Forum Non Conveniens, pursuant to La.Code Civ. P. art. 123(B). In support, Ergon submitted the affidavit of its Vice-President, stating Ergon was a Mississippi corporation registered in Louisiana, but “has never operated an office in Louisiana.” Ergon further argued Civil District Court is an inconvenient forum, and Mississippi is a more convenient, available forum. In support, it argued plaintiff is domiciled in Mississippi, and the only eyewitness is a Mississippi resident. It further pointed out six of plaintiffs eight treating physicians practice in Mississippi, and the other two practice in the New Orleans area.
 

 After a contradictory hearing, the district court denied the motion, and the court of appeal denied writs. Ergon’s application to this court followed.
 

 The plaintiffs initial choice of forum is entitled to deference, and the burden is on the party seeking a transfer to show why the motion should be granted.
 
 Holland v. Lincoln General Hosp.,
 
 10-0038 (La.10/19/10), 48 So.3d 1050. However, a 12“plaintiff may not, by choice of an inconvenient forum, ‘vex,’ ‘harass,’ or ‘oppress’ the defendant by inflicting on him expense or trouble not necessary to his own right to pursue his remedy.”
 
 Id.
 
 at p. 7, 48 So.3d at 1055 (quoting
 
 Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).
 

 In the instant case, we recognize Louisiana is a proper forum for plaintiffs Jones Act claim. Nonetheless, the undisputed facts indicate the case has virtually no connection with Louisiana. The accident occurred in Mississippi territorial waters, plaintiff and the sole eyewitness reside in Mississippi, and the majority of plaintiffs treating physicians reside in Mississippi. Under very similar facts, the federal court
 
 *688
 
 in
 
 Allen v. Ergon Marine & Indus. Supply, Inc.,
 
 08-CV-04184, 2008 WL 4809476 (E.D.La.2008) transferred a Jones Act claim from Louisiana to Mississippi, based on a finding that Mississippi was a more convenient forum. Thus, we conclude the district court abused its discretion in denying Ergon’s motion to dismiss.
 

 Accordingly, the writ is granted. The judgment of the district court is reversed. The motion to dismiss is granted, and plaintiffs suit is dismissed without prejudice, pursuant to La.Code Civ. P. art. 123(B).