SPREE DUNN                                          NO. 21-C-478

VERSUS                                              FIFTH CIRCUIT

UNITED SPECIALTY INSURANCE                          COURT OF APPEAL
COMPANY, CHAM LOGISTICS, LLC,
AND MOHAMED EDJE                                    STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

September 27, 2021

Alexis Barteet
Deputy Clerk

**IN RE** SPREE DUNN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 814-914

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED**

Plaintiff, Spree Dunn, seeks review of the district court's judgment, which granted a motion for change of venue filed by defendant, United Specialty Insurance Company, pursuant to the *forum non conveniens* provision set forth in La. C.C.P. art. 123(A). For reasons stated more fully below, we grant Ms. Dunn's writ application, vacate the trial court's judgment and remand for further proceedings.

This matter involves a motor vehicle accident that occurred on I-10 in Jefferson Parish on August 28, 2020. Ms. Dunn alleges in her petition that a truck owned by defendant, Cham Logistics, LLC, and driven by its employee, Mohamed Edje, struck her vehicle. Ms. Dunn filed suit in Jefferson Parish against Mr. Edje, Cham Logistics, and its insurer, United Specialty. In its motion for change of venue, United Specialty requested that the district court transfer the lawsuit to Tangipahoa Parish because, Travis Dunn, a passenger in Ms. Dunn's vehicle, had filed a prior lawsuit against the same defendants, as well as Ms. Dunn, in that parish. In support of its motion, United Specialty attached a copy of the prior lawsuit filed in Tangipahoa Parish. However, according to the transcript from the June 16, 2021 hearing, neither the lawsuit nor any other evidence in support of the motion was offered or accepted into evidence. Following the hearing, the district court indicated that it would grant the motion and transfer the lawsuit to Tangipahoa Parish. On June 30, 2021, the district court signed a judgment granting the motion for change of venue, but the judgment did not include language stating that the lawsuit was transferred to Tangipahoa Parish.

La. C.C.P. art. 123(A) permits a district court to transfer a case to another district court with venue pursuant to the following grounds:

> A. (1) For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
>
> (2) For purposes of Subparagraph (1) of this Paragraph, domicile shall be the location pursuant to Article 42 where the plaintiff would be subject to suit had he been a defendant.[1]

The plaintiff's initial choice of forum is entitled to deference, and the burden is on the party seeking a transfer to show why the motion should be granted. *Holland v. Lincoln General Hosp.*, 10-38 (La.10/19/10), 48 So.3d 1050, 1055. However, a "plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting on him expense or trouble not necessary to his own right to pursue his remedy." *Id*. (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). If proper venue exists for the proposed forum, La. C.C.P. art. 123(A)(1) provides for a *forum non conveniens* transfer based on the "convenience of the parties and the witnesses" and "in the interest of justice." *Id.*

In her first assignment of error, Ms. Dunn argues that the district court erred in granting the motion for change of venue because Tangipahoa Parish is not a proper venue. The basis for her argument is that the accident did not occur in Tangipahoa Parish and the defendants are not domiciled there. However, in her petition, Ms. Dunn alleges that she is a resident of Tangipahoa Parish. She further alleges that defendant, Cham Logistic, LLC, is a "Texas Company not authorized to do and doing business in Louisiana." She requested service on this defendant in Austin, Texas via the Louisiana long-arm statute, La. R.S. 13:3201, *et. seq.* La. R.S. 13:3202, the venue provision for the long-arm statute, allows a plaintiff to file suit in his or her parish of domicile, or in any parish of proper venue. Furthermore, La. C.C.P. art. 42(5) provides that suit "against a foreign limited liability company not licensed to do business in the state, . . . shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant." Accordingly, on the showing made in the allegations of Ms. Dunn's petition, venue exists in Tangipahoa Parish.

In her second assignment of error, Ms. Dunn argues that even if Tangipahoa Parish is a proper venue, the district court erred by granting the motion for change of venue because United Specialty did not meet its burden by introducing evidence regarding the convenience of the parties and witnesses, or the interests of justice as

---

[1] La. C.C.P. art. 42 provides in relevant part:

> The general rules of venue are that an action against:
>
> (1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.

required by La. C.C.P. art. 123(A). Our review of the hearing transcript indicates that the trial court decided to transfer the lawsuit to Tangipahoa Parish for purposes of judicial efficiency due to the costs associated with litigating two lawsuits between the same parties for the same accident. In rendering its decision, the trial court clearly considered the lawsuit attached in support of United Specialty's motion to change venue; however, United Specialty did not introduce the lawsuit into evidence.

Evidence not properly offered and admitted into evidence cannot be considered, even if it was physically placed in the record. *Denoux v. Vessel Management Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. While an exception exists for specified documents attached to summary judgment motions, generally, documents attached to memoranda and not admitted into the record, do not constitute evidence and cannot be considered as evidence by an appellate court. *See Calamia v. Parish of Jefferson*, 19-270 (La. App. 5 Cir. 12/30/19), 288 So.3d 278, 280, fn. 5; *see also Alost v. Lawler*, 18-1271 (La. App. 1 Cir. 5/8/19), 277 So.3d 329, 334, fn. 4. (finding that documents attached to an exception of venue, but not admitted into evidence, could not be considered). Suit records from other courts must be introduced into the record as evidence. *United General Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La. App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065.

For these reasons, we find the district court erred by granting the motion for change of venue based on a document attached to the motion and not admitted into evidence. La. C.C.P. art. 123(A)(1) requires the district court to evaluate the issues of convenience of the parties and witnesses, as well as the interests of justice, prior to granting a motion seeking a transfer based on *forum non conveniens*. Accordingly, we grant Ms. Dunn's writ application, vacate the court's June 30, 2021 judgment and remand for further proceedings.

Gretna, Louisiana, this 27th day of September, 2021.

**HJL**
**SJW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/27/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**21-C-478**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

Chase Tettleton (Respondent)
Attorney at Law
10101 Siegen Lane
Suite 3C
Baton Rouge, LA 70810

Julius W. Grubbs (Respondent)
Attorney at Law
1017 East Dale Street
New Iberia, LA 70560

Dennis Thomson (Respondent)
Attorney at Law
601 Poydras Street
24th Floor
New Orleans, LA 70130

Ryan E. Gaudet (Relator)
Adam G. Savoie (Relator)
Attorney at Law
622 Baronne Street
New Orleans, LA 70113

9/27/21

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dennis Thomson
Attorney at Law
601 Poydras Street
24th Floor
New Orleans, LA 70130
21-C-478                          09-27-21

9590 9402 2434 6249 3563 47

2. Article Number (Transfer from service label)

7016 2070 0000 0954 6342

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x Veronica Slutiers
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
V. G                                 9·28·21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

9/27/21

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Adam G. Savoie
Ryan E. Gaudet
Attorneys at Law
622 Baronne Street
New Orleans, LA 70113
21-C-478                    09-27-21

9590 9402 2434 6249 3563 61

2. Article Number *(Transfer from service label)*

J59

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X    Covid-19          ☐ Agent
                       ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
#1306 (D.I)                        9/28

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

9/27/21

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Julius W. Grubbs
Attorney at Law
1017 East Dale Street
New Iberia, LA 70560
21-C-478                    09-27-21

|||||| *barcode* ||||||
9590 9402 2434 6249 3563 54

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6335

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Elise Hebert*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Elise Hebert   9/25/21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

9/27/21

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chase Tettleton
Attorney at Law
10101 Siegen Lane
Suite 3C
Baton Rouge, LA 70810
21-C-478                    09-27-21

9590 9402 2434 6249 3563 78

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6328

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *[signature]*
☐ Agent
☑ Addressee

B. Received by *(Printed Name)*
Ben O'Connor

C. Date of Delivery
9-29-21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt