| HHERTZ INVESTMENT | * | NO. 2022-C-0096 |
|---|---|---|
| GROUP, LLC, ET AL | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| AMERICAN GUARANTEE | | FOURTH CIRCUIT |
| AND LIABILITY INSURANCE | * | |
| COMPANY | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-02360, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)


Allen C. Miller
PHELPS DUNBAR LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130

Virginia Y. Dodd
PHELPS DUNBAR LLP
II City Plaza - Suite 1100
400 Convention Street
Baton Rouge, Louisiana 70802

Troy N. Bell (Bar No. 20099)
Colin F. Lozes (Bar No. 35893)
Ashley Demouy (Bar No. 36431)
COURINGTON, KIEFER, SOMMERS, MARULLO &
MATHERNE, L.L.C.
616 Girod Street
New Orleans, Louisiana 70130

COUNSEL FOR DEFENDANT/RELATOR

James M. Garner
Martha Y. Curtis
Amanda R. Schenck
SHER GARNER CAHILL RICHTER KLEIN & HILBERT
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
(504) 299-2100

COUNSEL FOR PLAINTIFFS/RESPONDENTS

**WRIT GRANTED;
JUDGMENT REVERSED; AND
REMANDED WITH
INSTRUCTIONS
MAY 4, 2022**

This is an insurance coverage dispute. The defendant-relator—American Guarantee and Liability Insurance Company ("AGLIC")—seeks supervisory review of the trial court's January 14, 2022 judgment, denying its motion to dismiss for *forum non conveniens* and overruling its exceptions of improper cumulation of actions and improper venue. For the following reasons, we grant AGLIC's writ application, reverse the trial court's ruling denying the motion to dismiss for *forum non conveniens*, and remand with instructions to render judgment in accordance with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Hertz Investment Group, LLC ("Hertz"), acquires, markets and manages forty-seven commercial high-rise office properties in the United States, including properties in eighteen states.[1] Seven of Hertz's forty-seven properties are located in Louisiana. Of those seven Louisiana properties, five are located in Orleans Parish and the other two are located in Lake Charles and Shreveport.

---

[1] The properties at issue in this suit are located in Alabama, Florida, Indiana, Louisiana, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nevada, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia and Wisconsin.

Hertz was organized under Delaware law and has its principal place of business in California.

AGLIC, an insurance company incorporated under New York law with its principal place of business in Illinois, issued an all risk insurance policy to Hertz. The policy was negotiated by AGLIC's broker and underwriter, located in Boston, Massachusetts, and Hertz's representatives in California. The policy was issued in California.

In April 2020, Hertz mailed a Notice of Claim letter from its California headquarters to AGLIC in Illinois demanding coverage for lost revenue and extra expenses caused by closures or restrictions at its forty-seven properties to deal with the effects of the COVID-19 virus. In its Notice of Claim, Hertz acknowledged that the policy contains a contamination exclusion which, generally, excludes from coverage losses due to the presence of a contaminant, including viruses. However, a Louisiana amendatory endorsement to the policy deleted the word virus from the definition of contamination. Due to this deletion, Hertz argued that the policy provided coverage for COVID-19-related losses. Further, because the Louisiana amendatory endorsement does not, on its face, restrict its application to covered property in Louisiana, Hertz argued, the policy covers COVID-19-related losses at all of its covered properties nationwide.

AGLIC denied coverage by a letter mailed to Hertz in California. In March 2021, Hertz sued AGLIC in Orleans Parish, pursuant to La. C.C.P. art. 76,[2] seeking

---

[2] La. C.C.P. art. 76 provides:

recovery of policy proceeds as well as consequential damages, penalties, and attorney's fees available under La. R.S. 22:1973. Hertz's suit also named as plaintiffs forty-five subsidiary companies that own Hertz's forty-seven properties and are also insureds under the policy.

AGLIC filed exceptions of improper venue and improper cumulation and a motion to dismiss on the basis of *forum non conveniens*, requesting that the trial court dismiss the case without prejudice so that it could proceed in California, Hertz's home state. In opposition, Hertz argued that Orleans Parish is a more appropriate forum for the lawsuit, because Louisiana has an interest in interpreting the Louisiana amendatory endorsement and addressing Louisiana's COVID-19-related gubernatorial and municipal mandates, both of which are at issue in the lawsuit. Further, Hertz argued that Orleans Parish is a more convenient forum, because more of Hertz's properties are located in Louisiana than any other single state and because Orleans Parish would be more a convenient forum for the witnesses employed at Hertz's Louisiana properties.

---

**Action on insurance policy**

An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.

An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.

An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.

The trial court denied AGLIC's exceptions and motion to dismiss, adopting

Hertz's opposition to AGLIC's exceptions and motion to dismiss as its written

reasons for judgment. AGLIC's timely writ application followed.

**DISCUSSION**

AGLIC contends that the trial court erred in denying its motion to dismiss on

the basis of *forum non conveniens*.[3] *Forum non conveniens* is governed by La.

C.C.P. art. 123, which provides in pertinent part:

> B. Upon the contradictory motion of any defendant in a civil
> case filed in a district court of this state in which a claim or cause of
> action is predicated upon acts or omissions originating outside the
> territorial boundaries of this state, when it is shown that there exists a
> more appropriate forum outside of this state, taking into account the
> location where the acts giving rise to the action occurred, the
> convenience of the parties and witnesses, and the interest of justice,
> the court may dismiss the suit without prejudice; however, no suit in
> which the plaintiff is domiciled in this state, and which is brought in a
> court which is otherwise a court of competent jurisdiction and proper
> venue, shall be dismissed pursuant to this Article.

We review the trial court's ruling on a motion to dismiss based on *forum non*

*conveniens* under the abuse of discretion standard. *Star Transp. Inc v. Pilot Corp.*,

14-1228, p. 3 (La. App. 4 Cir 6//24/15), 171 So.3d 1195, 1197-98.

"'The doctrine of *forum non conveniens* presupposes at least two forums

where the defendant is amendable to process and simply furnishes criteria for

choice between them.'" *Martinez v. Marlow Trading, S.A.*, 04-0538, p. 5 (La. App.

4 Cir. 2/2/05), 894 So.2d 1222, 1226 (quoting *Dickson Marine Inc. v. Panalpina,*

*Inc.*, 179 F.3d 331, 341 (5th Cir. 1999)). Thus, a defendant seeking dismissal, at

the trial level, based upon *forum non conveniens* must first establish that an

---

[3] AGLIC also argues the trial court erred in denying its exceptions of improper cumulation and improper venue. Because our decision renders AGLIC's exceptions moot, we do not address the exceptions.

4

alternate forum is both available and adequate. *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 221 (5th Cir. 2000). If the trial court concludes that an alternative forum exists, it then considers all of the relevant private interest factors, balancing those factors weighing in favor of dismissal with the deference given to the plaintiff's choice of forum.[4] *Minot Obo Minor Theod'Ior Minot v. Waffle House, Inc.*, 20-0444, p. 6 (La. App. 4 Cir. 10/2/20), *writ denied sub nom. Minot v. Waffle House, Inc.*, 20-01277 (La. 1/12/21), 308 So. 3d 714. The private interest factors include:

- The convenience of the parties and witnesses;

- The access to the sources of proof, as well as viewing of the premises if appropriate;

- The cost of obtaining attendance of witnesses; and

- The advantages and obstacles to a fair trial.

*Martinez*, 04-0538, p. 6, 894 So.2d at 1226.

After considering the private interest factors, a court then considers the public interest factors to determine whether retention of jurisdiction would be unnecessarily burdensome to either the defendant or the court. The public interest factors include the following:

- The administrative difficulties flowing from court congestions;

- The local interest in having localized controversies decided at home;

- The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

- The avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; and

---

[4] However, "[c]ourts give less deference to a plaintiff's choice to sue outside his home forum." *Signet Jewelers Ltd. v. Steadfast Ins. Co.*, 21-0288, p. 2 (La. App. 4 Cir. 12/22/21), ___So.3d___, 2021 WL 6065490 (quoting *Boudreaux v. Able Supply Co.*, 08-1350, p. 6 (La. App. 3 Cir. 10/7/09), 19 So.3d 1263, 1269).

- The unfairness of burdening citizens in an unrelated forum with jury duty. *Martinez*, 04-0538, p. 7, 894 So.2d at 1227.

Hertz does not dispute that an alternative forum, California, is both available and adequate. Thus, we turn to the private interest factors relevant to this dispute: the convenience of the parties and witnesses, access to sources of proof, and cost to obtain the attendance of witnesses.[5]

Hertz contends that the first factor favors Orleans Parish, because it anticipates calling the on-site managers and maintenance supervisors of each of its properties to testify to the effects of COVID-19 restrictions on its properties, and that Orleans Parish is a more convenient forum for those witnesses than California. But, Hertz's argument ignores the fact that Orleans Parish is home to a small minority of Hertz's employees, whereas the majority of Hertz employees, including those at Hertz's California headquarters and those at Hertz's forty-two properties outside of Orleans Parish, reside elsewhere.

Moreover, in determining whether a California or Louisiana forum will better serve the convenience of the parties and witnesses, "it is not simply a question of seeing which party can list the most potential witnesses who might be inconvenienced." *Holland v. Lincoln Gen. Hosp.*, 10-0038, p. 9 (La. 10/19/10), 48 So.3d 1050, 1056. Rather, as the Supreme Court in *Holland* recognized, the import of the witnesses' testimony should be taken into consideration, and the convenience of witnesses with direct testimony regarding dispositive issues is entitled to greater weight than the convenience of witnesses with background

---

[5] The fourth private interest factor—the advantages and obstacles to a fair trial—is not at issue.

information.  *Id.*  In *Holland*, a medical malpractice case, the court afforded greater weight to the convenience of witnesses with direct testimony regarding the alleged malpractice than to the convenience of those witnesses whose testimony was only relevant to the background issues of plaintiff's medical history and condition.  *Id.*

As is evident in AGLIC's coverage denial letter to Hertz and Hertz's petition for damages, the core dispute in this lawsuit is not whether Hertz lost revenue and incurred extra expenses contending with the effects of COVID-19; rather, the dispositive issues in this case are interpretation of the policy and the extent of Hertz's losses.  In resolving these dispositive issues, the testimony of Hertz employees in California—where the policy was negotiated, where the revenue losses were sustained, and where Hertz executives are employed—will likely be crucial.  On the other hand, the convenience of on-site managers and maintenance supervisors at individual Hertz properties is entitled to less weight.  Although these witnesses may have relevant background information regarding individual properties, their testimony is unlikely to be directly relevant to the key issues in this case.  Accordingly, we find that the convenience of the parties and witnesses would be better served by proceeding in California.

For similar reasons, we find that the second relevant private interest factor – access to sources of proof—weighs in favor of California over Louisiana.  Hertz's Notice of Claim, which contains summaries of Hertz's lost revenue and COVID-19-related expenses, originated from California, suggesting that Hertz's financial and accounting records are accessible in California.  Likewise, evidence regarding negotiation of the policy is likely to be more accessible in California, where Hertz executives reside and where the policy was delivered, than Louisiana.  Therefore,

we find that California will provide better access to sources of proof than Louisiana.

As to the cost to obtain the attendance of witnesses, California will undoubtedly be a less expensive forum for the attendance of witnesses employed at Hertz's headquarters. And though Hertz correctly observes that Chicago, AGLIC's headquarters, and Boston, the policy broker's headquarters, are closer to New Orleans than to Los Angeles, we find this fact is counterbalanced by the wider availability of flights to Los Angeles from Chicago and Boston—all three major international air travel hubs—than flights to New Orleans. Accordingly, we find that the cost to obtain the attendance of witnesses weighs in favor of California.

The relevant public interest factors also favor California. California has a significant interest in resolving this dispute, which was initiated by a corporate citizen of California to determine coverage issues arising from an insurance policy issued in California. Conversely, Louisiana's interest is minimal. This is not a controversy localized to Louisiana; rather, Louisiana is but one of eighteen states home to Hertz properties subject to COVID-19-related restrictions. The vast majority of the parties are not Louisiana citizens,[6] the policy was not negotiated, confected, or issued in Louisiana, and the alleged losses were sustained in California. The fact that Orleans Parish is home to five of Hertz's forty-seven properties does not outweigh the common element between each property,

---

[6] Hertz claims that several limited partners of one of its subsidiary entities are Louisiana citizens. Hertz does not support this allegation with evidence.

including the forty-two properties outside of Orleans Parish: ownership and management by Hertz and its subsidiaries—all headquartered in California.

Lastly, there is no indication that a California court could not adequately address Louisiana's COVID-19 mandates and interpret the policy's Louisiana amendatory endorsement. And, while Hertz argues that Louisiana has a significant interest in interpreting the policy's Louisiana amendatory endorsement, we find that California has an equal, if not greater, interest in determining whether the Louisiana amendatory endorsement applies to states, including California, outside of Louisiana. Considering Louisiana's relatively minor interest in this suit, litigating this dispute in Louisiana would be unduly burdensome upon Orleans Parish and its citizens.

The private and public interest factors weigh heavily in favor of California as a more appropriate and convenient forum for this dispute. We therefore find that the trial court abused its discretion in denying AGLIC's motion to dismiss based on *forum non conveniens.* Nevertheless, the interest of justice necessitates that rendition of a judgment of dismissal be conditioned upon AGLIC filing a waiver in the trial court record pursuant to La. C.C.P. art. 123(C).[7] Accordingly,

---

[7] Louisiana Code of Civil Procedure article 123(C) provides:

> In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription that has matured since the commencement of the action in Louisiana, provided that a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in a court of competent jurisdiction in an appropriate foreign forum within sixty days from the rendition of the judgment of dismissal. Such waiver shall be null and of no effect if such suit is not filed within this sixty-day period. The court may further condition the judgment of dismissal to allow for reinstatement of the same cause of action in the same forum in the event a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in an appropriate foreign forum within sixty days after the rendition

9

we reverse the trial court's January 14, 2022 judgment and remand the matter to the trial court to render judgment in accordance with this opinion.

## DECREE

For the foregoing reasons, the trial court's January 14, 2022 judgment is reversed and AGLIC's motion to dismiss based upon *forum non conveniens* is granted.  This matter is remanded to the trial court to render a judgment of dismissal in accordance with this opinion.

**WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED WITH INSTRUCTION**

---

of the judgment of dismissal and such foreign forum is unable to assume jurisdiction over the parties or does not recognize such cause of action or any cause of action arising out of the same transaction or occurrence.